IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ROBERT VANDERPLOEG,                )
                                   )
                Plaintiff,         )
                                   )        CIVIL ACTION
vs.                                )
                                   )        Case No. 4:20-CV-02474
NASA POINT, L.P.,                  )
                                   )
                Defendant.         )

## VERIFIED MOTION FOR FINAL DEFAULT JUDGMENT AGAINST DEFENDANT

Plaintiff, ROBERT VANDERPLOEG ("Plaintiff"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 55(b) and 42 U.S.C. § 12205, hereby moves the Court and seeks entry of Final Default Judgment and award of attorney's fees, litigation expenses and costs against Defendant, NASA POINT, L.P. ("Defendant") and as grounds thereof state:

## FACTS AND PROCEDURAL HISTORY

1.      Plaintiff filed his Complaint in the above captioned case for injunctive relief, attorney's fees, expenses and costs on July 15, 2020 against Defendant [D.E. 1].

2.      The action was brought against Defendant, NASA POINT, L.P., the property owner, for violations of the Americans with Disabilities Act pursuant to 42 U.S.C. § 12181 *et seq.*

3.      A copy of the Complaint and Summons was served on Defendant, NASA POINT, L.P., by delivering a true copy of said Summons and Complaint to Biao Li, Registered Agent, on July 23, 2020 at the address of 2945 N. Island Drive, Seabrook, TX  77586  [*See* Affidavit of Return of Service D.E. 6].

1

SCHAPIRO   LAW GROUP, P.L
7301-A W. Palmetto Park Rd., #100A • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (810) 885-5279

4.      As such, a response to the Complaint was due from Defendant, NASA POINT, L.P, by August 13, 2020.

5.      Defendant failed to timely and properly respond to the Complaint.

6.      As of today, Defendant has not responded to the Plaintiff's Complaint and has not retained counsel.

7.      Plaintiff's Complaint seeks injunctive relief to correct the violations of the ADA by Defendant, NASA POINT, L.P.  The Complaint also sought an award of attorney's fees, costs and litigation expenses incurred in this action.

8.      The "Property" at issue is located at 1051 E. NASA Pkwy., Houston, TX  77058 ("Property").  The Property is a public accommodation as defined by and is subject to Title III of the ADA.  [D.E. 1, ¶12]

9.       Irreparable harm will befall Plaintiff if injunctive relief is not granted as Plaintiff will be unable to enjoy full and equal enjoyment of the goods, services, facilities, and accommodations offered by Defendant as a direct result of Defendant's violations of the Americans with Disabilities Act.

10.      Moreover, Plaintiff has no adequate remedy at law. Granting an injunction will serve the public interest by protecting the civil rights of individuals with disabilities. Given Defendant's failure to file a responsive pleading in this action and its failure to retain counsel, there is a substantial likelihood of success in attaining an injunction.

11.      Failure to grant an injunction will result in Plaintiff's continued exposure to harm with no method of recourse.

12.      The nature of the injunction sought by Plaintiff is outlined in his Complaint.

13.      Defendant is not an infant nor an incompetent person and is not in the military

SCHAPIRO    LAW GROUP, P.L

7301-A W. Palmetto Park Rd., #100A • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (810) 885-5279

service of the United States.

## ARGUMENT

Defendant, NASA POINT, L.P., refuses to defend itself in this action.  Entering a Default Judgment is proper in this action and is the appropriate remedy at law.  The Plaintiff has every confidence that he would prevail at trial should this case be decided upon its merits.  Since Defendant, NASA POINT, L.P., has exhibited no desire to participate in litigation, the Court has no other available remedy except to enter a Default Judgment against Defendant, NASA POINT, L.P.

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, when a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, such as Defendant, NASA POINT, L.P., in this cause, a default shall be entered against that party.  Thereafter, a default judgment shall be entered by the Court against Defendant, NASA POINT, L.P.  "If Defendant fails to respond to a complaint, default judgment may be entered on behalf of Plaintiff." *Federal Maritime Com'n v. South Carolina State Ports Authority*, 535 U.S. 743, 757 (U.S. 2002).  Moreover, "And, when a party fails to answer or appear in an adversary proceeding, the Federal Rule governing default judgments applies." *Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 458 (U.S. 2004).  In accordance with Rules 55(a) and (b)(2), Plaintiff is entitled to final judgment after default against Defendant, NASA POINT, L.P.

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331.  Venue in this District was not disputed, nor could it be as the subject property is located in and the cause of action arose in Harris County, Texas.

SCHAPIRO   LAW GROUP, P.L
7301-A W. Palmetto Park Rd., #100A • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (810) 885-5279

## INJUNCTIVE RELIEF

Defendant, NASA POINT, L.P., is in violation of 42 U.S.C. §12181 *et. Seq.* of the Americans with Disabilities Act ("ADA") and 28 C.F.R. *et. Seq.* Since Defendant, NASA POINT, L.P., is in violation of the ADA, has discriminated against Plaintiff through said violations and have not rendered any Answer or other responsive pleadings in this action, the Plaintiff respectfully requests this Court enter a Final Default Judgment requiring Defendant, NASA POINT, L.P., to correct the architectural barriers listed as follows:

## EXTERIOR ACCESSIBLE ELEMENTS

a. Near Baskin-Robbins, the Property lacks an accessible route from the public sidewalk to the accessible entrances in violation of Section 206.2.1 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

b. There is no accessible route compliant with section 403 of the 2010 ADAAG Standards leading from the parking lot to the building where Baskin-Robbins is located. This is also a violation of section 206.2.1 of the 2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to access the units in this building.

c. Accessible parking spaces are not properly located and/or distributed on the Property in violation of Section 208.3 of the 2010 ADAAG standards. Specifically, there are no accessible parking spaces servicing the building where Baskin-Robbins is located. This violation would make it difficult for Plaintiff to locate an accessible parking space.

SCHAPIRO   LAW GROUP, P.L
7301-A W. Palmetto Park Rd., #100A • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (810) 885-5279

d.      The Property lacks an accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property in violation of Section 206.2.2 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access public features of the Property.

e.      Near East Star Chinese Buffet, the access aisle to the accessible parking spaces is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

f.      Near East Star Chinese Buffet, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking spaces in violation of Section 406.5 of the 2010 ADAAG Standards.  This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

g.      Near East Star Chinese Buffet, the Property has an accessible ramp that lacks finished edges or edge protection and/or is otherwise in violation of Section 405.9 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

h.      Near East Star Chinese Buffet, the accessible parking spaces are missing proper identification signs in violation of Section 502.6 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to locate an accessible parking space.

i.      The total number of accessible parking spaces is inadequate and is in violation of Section 208.2 of the 2010 ADAAG standards.  There are over 100 parking spaces

5

on the Property requiring at least 5 accessible parking spaces, but there are only
two accessible parking spaces on the Property This violation would make it difficult
for Plaintiff to locate an accessible parking space.

j.    There are no marked van accessible parking spaces on the Property in violation of
section 208.2.4 of the 2010 ADAAG Standards.

As asserted in Plaintiff's Complaint, the removal of the physical barriers, dangerous
conditions and ADA violations at the Property are readily achievable and can be accomplished
and carried out without significant difficulty or expense.  Compared to the value of the Property
and the assumed income generated by the operator, the cost of the removal of the barriers to access
identified above is relatively low and is easily accomplished.  According to the Harris County
Property Appraiser, the property in question (HCAD Account: 0992480000002) owned by
Defendant, NASA POINT, L.P., is valued at $2,425,000.00  Moreover, under IRS Code § 44
entitled Disabled Access Credit, Defendant is entitled to a tax credit of up to $5,000.00 each for
spending money on fixing the barriers to access.  In addition, IRS Code § 190 entitled Barrier
Removal provides an additional tax deduction of up to $15,000.00 a year for expenses incurred to
remove barriers for persons with disabilities.  As such, the modifications are readily achievable.

**CERTIFICATE OF GOOD FAITH CONFERENCE: UNABLE TO CONFER**

Pursuant to Local Rule 7.1(d), I hereby certify that counsel for the movement has made
reasonable efforts to confer with all parties and non-parties who may be affected by the relief
sought in the motion and was unable to do so.  The reasonable efforts made include mailing said

SCHAPIRO   LAW GROUP, P.L
7301-A W. Palmetto Park Rd., #100A • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (810) 885-5279

Motion for Default Judgment and proposed order by Certified Mail, Return Receipt Requested on

September 22, 2020 to Defendant, NASA POINT, L.P., at the following addresses:

NASA POINT, L.P.                                    NASA POINT, L.P.
c/o Biao Li, Registered Agent                       c/o Biao Li, Registered Agent
2945 N. Island Drive                                1202 Eagle Lakes Drive
Seabrook, TX  77586                                 Friendswood, TX  77546

Defendant, NASA POINT, L.P., received said proposed Motion for Default Judgment on

September 25, 2020.  No responses have been forthcoming.

WHEREFORE, Plaintiff's respectfully move the Court to enter final judgment after default

against Defendant, NASA POINT, L.P., ordering Defendant to make all the necessary alterations

so the subject premises is accessible to individuals with disabilities, in compliance with the ADA,

ordering the subject facility closed until all necessary alterations are complete, award Plaintiff his

attorney's fees and costs, and retaining jurisdiction over this cause to assure Defendant's

compliance with the Court's Judgment and the Americans with Disabilities Act as well as retaining

jurisdiction to determine the amount of attorney's fees, costs and litigation expenses to which

Plaintiff is entitled to.

SCHAPIRO   LAW GROUP, P.L
7301-A W. Palmetto Park Rd., #100A • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (810) 885-5279

**<u>VERIFICATION</u>**

I, Douglas S. Schapiro, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, and this declaration was executed in Palm Beach County, Florida on October 23, 2020.


Respectfully submitted,

/s/ Douglas S. Schapiro
Douglas S. Schapiro
Southern District of Texas ID No. 3182479
The Schapiro Law Group, P.L
Attorney for Plaintiff
7301-A W. Palmetto Park Rd., #100A
 Boca Raton, FL 33433
Tele: (561) 807-7388
Fax: (561) 807-7198
Email: schapiro@schapirolawgroup.com

SCHAPIRO    LAW GROUP, P.L
7301-A W. Palmetto Park Rd., #100A ● Boca Raton, Florida 33433 ● Tel (561) 807-7388 ● Fax (810) 885-5279

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was filed

electronically using the CM/ECF system on this 23rd day of October, 2020, and mailed via certified

mail on September 22, 2020 to Defendant, NASA POINT, L.P., at the following address:

NASA POINT, L.P.                           NASA POINT, L.P.
c/o Biao Li, Registered Agent              c/o Biao Li, Registered Agent
2945 N. Island Drive                       1202 Eagle Lakes Drive
Seabrook, TX  77586                        Friendswood, TX  77546


                                /s/ Douglas S. Schapiro
                                Douglas S. Schapiro
                                Southern District of Texas ID No. 3182479
                                The Schapiro Law Group, P.L
                                Attorney for Plaintiff

SCHAPIRO   LAW GROUP, P.L
7301-A W. Palmetto Park Rd., #100A • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (810) 885-5279