IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT VANDERPLOEG, | ) |
| | ) |
| Plaintiff, | ) |
| | )  CIVIL ACTION |
| vs. | ) |
| | )  Case No. 4:20-CV-02474 |
| NASA POINT, L.P., | ) |
| | ) |
| Defendant. | ) |

## VERIFIED MOTION FOR ATTORNEY'S FEES AND COSTS

Plaintiff, ROBERT VANDERPLOEG ("Plaintiff"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 54(d)(1), Local Rule 7.3 and 42 U.S.C. § 12205, hereby move the Court for an award of attorney's fees and costs against Defendant, NASA POINT, L.P. ("Defendant"), and as grounds thereof state:

## FACTS AND PROCEDURAL HISTORY

1. Plaintiff filed his Complaint in the above captioned case for injunctive relief, attorney's fees, expenses and costs on July 15, 2020 against Defendant [D.E. 1].

2. This action was brought pursuant to the Americans with Disability Act and pursuant to 42 U.S.C. § 12205, any action commenced pursuant to said Act, the court may allow the prevailing party a reasonable attorney's fees, including litigation expenses and costs.

3. This Court's Order on Default Judgment against Defendant, NASA POINT, L.P., [D.E. 15] granted Final Judgment in favor of Plaintiff against Defendant, as such, Plaintiff is deemed the prevailing party and is entitled to recover his reasonable attorney's fees and costs. The Default Judgment [D.E. 15] states, "The Court retains jurisdiction in the above-styled action

to permit Plaintiff to seek and determine the amount of attorney's fees and costs due to Plaintiff and to assure Defendant, NASA POINT, L.P., subsequent compliance with this Judgment and the Americans with Disabilities Act.

## ARGUMENT

## ATTORNEY'S FEES

Plaintiff seeks an award of his attorney's fees pursuant to 42 U.S.C. § 12205, which provides, "In any action or administrative proceeding commenced pursuant to this Act, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses and costs…"

Plaintiffs States:

- The following have been incurred on behalf of Plaintiff: $ 4,080.00 in attorney's fees (13.6 hours at $300.00 per hour) *See* Schapiro Law Group, P.L. Time and Cost Sheet attached as Exhibit "1."

- Plaintiff's costs include the $400.00 filing fee. *See* Filing Fee receipt attached as Exhibit "2."

- Plaintiff's costs include service of process fees for Defendant, NASA POINT, L.P. ($155.35 total). *See* Service of Process Invoice and out-of-pocket expenses collectively attached as Exhibit "3."

- $300.00 Reinspection fee to pay for the inspection of the Defendant's property at the conclusion of the deadline to make the modifications pursuant to the Final Default Judgment.

- Plaintiff's counsel certifies that he has reviewed his firm's time records and supporting data and that the motion is well grounded in fact and justified. Moreover, Mr. Schapiro's

Declaration establishes that he is highly experienced (over 1500 ADA cases filed in federal court) and seeks to efficiently resolve all of the ADA lawsuits he files. Thus, justifying his $300.00 per hour rate. *See* Declaration of Douglas Schapiro attached as Exhibit 4.

- Attorney John Bruster Loyd, a Houston attorney with over twenty years of litigation experience has signed a Declaration attesting to the reasonableness of the $300.00 per hour rate sought by Mr. Schapiro, "Given that there are no available ADA attorneys in the Houston area with Mr. Schapiro's extensive experience in this highly specialized area of practice, a $300 per hour rate is very reasonable and is below what I consider the prevailing market rates for similar services by similarly trained and experienced attorneys in this community." *See* Declaration of John Bruster Loyd attached as Exhibit 5.

- According to a survey taken in 2018 and published by the Texas Bar Association, the average hourly rate charged by Full-time private practitioners in Texas in 2017 was $281.00 per hour. *See* Texas Attorney Economics Survey attached as Exhibit 6.

- According to the State Bar of Texas Department of Research and Analysis, in 2019, less than 1% of all attorneys in Harris County practice civil liberties and civil rights litigation. *See* Harris County Attorney Statistical Profile (2019-2020) page 3 attached as Exhibit 7. ADA law, specifically Title III ADA law is an even more specialized form of Civil Rights litigation.

- On October 22, 2020, Judge Hoyt in the Southern District of Texas entered an Order (DE 17) in *Vanderploeg v. Rey Del Pollo Inc. & Them K. Le* (20-CV-00061), agreeing my hourly rate of $300.00 per hour is reasonable. A copy of the Order is attached as Exhibit 8.

Plaintiff is entitled to a judgment against Defendant for all attorneys' fees, litigation expenses and costs incurred in this action. *See* Fed. R. Civ. P. 54(d)(2). The relief obtained by the Plaintiff in this cause will not only benefit the Plaintiff, but every other individual with a disability who enters into and/or uses the subject premises. Therefore, Plaintiff would be entitled to fees equal to the unreduced lodestar amount where the public interest is also served. *See, Villano v. City of Boynton Beach,* 254 F.3d 1302, 1305 (11th Cir. 2001) (In analyzing plaintiff's application the Court must also consider the benefits the public as a whole obtained from this civil rights action); *Duckworth v. Whisenant,* 97 F.3d 1393 (11th Cir. 1996), *Williams v. Roberts,* 904 F.2d 634 (11th Cir. 1990), *Morales v. City of San Rafael,* 96 F.3d 359 (9th Cir. 1996). Where, as here, the relief sought is injunctive (damages are not awardable under Title III of the ADA), it would be an error for the district court to reduce an award of attorneys' fees in a civil rights action even if the damages obtained were nominal if the Plaintiff vindicated a public policy. *Lynch v. City of Milwaukee,* 747 F.2d 423 (7th Cir. 1984); *Staples v. Wickesberg,* 122 F.R.D. 541 (E.D. Wis. 1988); *Butler v. Bourd,* 979 F.2d 661 (8th Cir. 1992); *McHenry v. Chadwick,* 896 F.2d 184 (6th Cir. 1990). When determining the degree of success obtained by a civil rights plaintiff, a court must be careful not to place "undue emphasis on the modest money damages that were found by the jury" because successful civil rights actions vindicate a public interest. *Williams v. Thomas*, 692 F.2d 1032, 1038 (5th Cir. 1982).

In this situation, "the public as a whole benefits from this civil rights litigation, as distinguished from a private tort suit where only the individual plaintiff benefits . . . . "[S]uccess in a civil rights claim is measured differently than success in a private tort claim. Indeed: `Congress has elected to encourage meritorious civil rights claims because of the benefits of such

litigation for the named plaintiff and for society at large, irrespective of whether the action seeks monetary damages. . . . Moreover, the Supreme Court has articulated th[is] distinction [by stating that] [u]nlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms."' *Villano,* 254 F.3d at 1305 *(quoting, Blanchard v. Bergeron,* 489 U.S. 87, 96, 109 S.Ct. 939, 103 L .Ed.2d 67 (1989) and *City of Riverside v. Rivera ,* 477 U.S . 561, 574, 106 S. Ct. 2686, 91 L.Ed.2d 466 (1986). A court that reduces such an attorney's fees award would err if it ignores the fact that the plaintiff in a civil rights action benefitted the public interest by vindicating his civil rights. *See Jones v. White*, No. H-03-2286, 2007 U.S. Dist. LEXIS 61685, at *20 (S.D. Tex. 2007) citing to *Farrar v. Hobby,* 506 U.S. 103, 115, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992). Therefore, all fees and costs sought should be awarded in full.

The first step in determining the lodestar analysis is to determine the reasonable rate to be awarded Plaintiff's counsel and the reasonable hours that counsel is entitled to.

The Fifth Circuit uses the lodestar analysis to determine reasonable attorneys' fees. *Turner v. Oxford Mgmt. Servs., Inc.*, 552 F. Supp. 2d 648, 650 (S.D. Tex. 2008) (citing *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir. 1996)). The lodestar amount is "the product of reasonable hours times a reasonable rate." *Pennsylvania v. Del. Valley Council for Clean Air*, 478 U.S. 546, 564, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986). There is a "'strong presumption' that the lodestar represents the 'reasonable' fee." *City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992); *see also [*4] Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 130 S. Ct. 1662, 1672-73, 176 L. Ed. 2d 494 (2010).

The first step in computing the lodestar is determining a reasonable hourly rate. "'[R]easonable' hourly rates 'are to be calculated according to the prevailing market [*5] rates in the relevant community.'" *McClain v. Lufkin Indus.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)). "The prevailing market rates for similar services by similarly trained and experienced lawyers in the relevant legal community is the established basis for determining a reasonable hourly rate." *Villegas v. Regions Bank*, H:11-cv-904, 2013 U.S. Dist. LEXIS 1690, 2013 WL 76719, at *3 (S.D. Tex. Jan. 4, 2013) (citing *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002)). "When an attorney's customary billing rate is the rate at which the attorney requests the lodestar be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is prima facie reasonable." *Kellstrom*, 50 F.3d, at 328. "Determination of the reasonable hourly rate for a particular community is generally established through affidavits of other attorneys practicing there." *Chisholm v. Hood*, 90 Fed. App'x. 709, 710 (5th Cir. 2004); *see also Watkins v. Input/Output, Inc.*, 531 F. Supp. 2d 777, 784 (S.D. Tex. 2007) ("The evidence to support a hourly rate entails more than an affidavit of the attorney performing the work but must also address the rates actually billed and paid in similar lawsuits."). *See Malick v. NCO Fin. Servs.*, No. H-14-1545, 2015 U.S. Dist. LEXIS 87071, at *4-5 (S.D. Tex. 2015)

A review of case law in the Southern District of Texas provided one Order awarding attorney's fees. The undersigned entered ""reasonable hourly rate" and ADA and Title III" into Lexis Advance and nothing came up for the Southern District of Texas. In, *Jones v. White*, No. H-03-2286, 2007 U.S. Dist. LEXIS 61685, at *6-7 (S.D. Tex. 2007), the District Court found

that $250.00 per hour rate was a reasonable hourly rate for a Title III ADA attorney with no ADA experience whatsoever. The Court held, "Relatively few lawyers have experience in litigating the type of ADA claims involved in this case, dealing with complex regulatory requirements for wheelchair access to streets and sidewalks. Even fewer lawyers specialize in this area." *Id.* Since 2007, the average hourly rate in this Jurisdiction has significantly increased. The most similar jurisdiction to Houston is the Dallas/Fort Worth Jurisdiction. In the case of *Sapp v. Snuffer's Rests., Inc.*, Civil Action No. 3:07-CV-273-M, 2010 U.S. Dist. LEXIS 142172, at *17 (N.D. Tex. 2010), the Court declared Plaintiff's counsel rates of $400 and $350 per hour as reasonable.[1]

Rates ranging from $275 to $500 per hour have been found by Courts in other jurisdictions to be reasonable in similar types of litigation. See, *In re Domestic Air Transp., supra,* (rates up to $500 per hour reasonable); *Dillard v. City o Elba,* 863 F. Supp. 1550; *Knight v. State of Ala.,* 824 F.Supp. 1022, 1027 (N.D. Ala. 1993); *Cuban Museum of Arts & Culture, Inc. v. City of Miami, 771* F.Supp. 1190 (S.D. Fla. 1991).

Mr. Schapiro has been practicing law in Florida for 13 years. Since 2008, Mr. Schapiro has litigated (Plaintiff and Defendant) approximately 1,500 public accommodation cases under Title III of the ADA, representing plaintiffs and defendants (many more plaintiff cases). Additionally, Mr. Schapiro has litigated numerous complex commercial litigation cases, probate litigation and family law matters. Mr. Schapiro is admitted to the United States District Court for the Southern District of Florida, United States District Court for the Middle District of Florida, United States District Court for the Southern District of Texas, United States District

---

[1] Looking at the supporting Affidavit in that case, the attorney who claimed a $400.00 hourly rate was admitted to practice since 1975 and engaged in over 200 jury trials. The attorney who claimed a $350.00 an hour rate was practicing for 20 years.

Court for the Northern District of Texas, United States District Court for the Eastern District of Texas and The United States Court of Claims. Mr. Schapiro's current rate is $300.00 per hour.

As part of is Motion for Attorney's Fees and Costs, Plaintiff is seeking an additional $300.00 re-inspection fee to cover the prospective cost of re-inspecting the property to confirm Defendant complies with the default judgment. Several federal courts have specifically awarded a reinspection fee as a reimbursed future litigation expense under the ADA. *See Kennedy v. Radio Rd. Plaza Invs., LLC,* 2017 U.S. Dist. LEXIS 3135, at *8 (M.D. Fla. Jan. 10, 2017)(*reducing* award for re-inspection fee from $1,000 to $300); *Norkunas v. HPT Cambridge, LLC*, 969 F.Supp.2d 184, 200, (D. Mass. 2013)(*awarding* $750 for re-inspection fee); *Cusson v. Illuminations I, Inc.,* 2013 WL 103225, at *6 (N.D. Fla. Jan. 7, 2013)(*awarding* a $350 re-inspection fee where Plaintiff hired an expert to reinspect the property, defendant did not object to payment of the expense); *Hoewischer v. Cowart*, 2012 U.S. Dist. LEXIS 185848, at *19 (M.D. Fla. June 8, 2012) )(*reducing* an award for reinspection fees from $750 to $350); *Houston v. Petrol Enters.,* 2012 U.S. Dist. LEXIS 188683, *12 (S.D. Fla. Jan. 30, 2012)(*reducing* an award for reinspection fees from $750 to $350);  *Fox v. The Marquis Corp.,* 2010 WL 1010871, at *8 (S.D. Fla. Mar. 15, 2010) (*awarding* a $350 expert re-inspection fee, defendant agreed to pay reasonable costs and litigation expenses); *Fox v. Cohen Ventures, LLC,* 2009 WL 1393348, at *8 (S.D. Fla. May 15, 2009)(*awarding* a $350 expert re-inspection fee).  Plaintiff seeks a $300.00 reinspection fee, which is less than the average reinspection fee awarded by other courts.

**CERTIFICATE OF GOOD FAITH CONFERENCE: UNABLE TO CONFER**

I hereby certify that a copy of this Motion for Attorney's Fees, was served upon Defendant via Certified Mail, Return Receipt Requested on March 11, 2021 and received by Defendant on March 15, 2021. No communication was forthcoming from Defendant.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order awarding Plaintiff his counsel reasonable attorney's fees and costs totaling $4,935.35 comprising of ($4,080.00 attorney's fees + $400.00 filing fee + $115.25 Process Service fees + $40.10 in postage and a $300.00 Reinspection Fee) = **$4,935.35.**

Dated: April 2, 2021

/s/ Douglas S. Schapiro
Douglas S. Schapiro
Southern District of Texas ID No. 3182479
Schapiro Law Group, P.L
Attorneys for Plaintiff
7301-A W. Palmetto Rd., #100A
Boca Raton, FL 33433
Tele: (561) 807-7388
Email: Schapiro@schapirolawgroup.com

**CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing shall be filed electronically using the CM/ECF system on 2nd of April, 2021.

/s/ Douglas S. Schapiro
Douglas S. Schapiro
Southern District of Texas ID No. 3182479
Schapiro Law Group, P.L